*1389 OPINION.
Siefkin :
The refusal of the respondent to treat the amount of $4,033.29 as taxable at the 12y2 per cent rate under section 206 of the Revenue Act of 1921 arises from his position that the petitioner, in selling the dead and down timber from his timber lands, was disposing of—
stock in trade of the taxpayer or other property of a kind which would properly he included in the inventory of the taxpayer if on hand at the close of the taxable year.
It is hard to believe that the dead and down timber upon timber lands owned for many years by the petitioner are part of his “ stock in trade ” or would “ properly be included in the inventory.” It is clear from the evidence that the petitioner’s business is not the lumber business, as an individual, and that except for his interests through his interests in corporations, the two tracts of timber land were held by him as investments and not dealt with by him as a timber or logging business. The contract of 1923 with respect to the timber on the Mississippi tract was, considering all its terms, a contract of sale of the entire standing timber and did not constitute the other contracting parties agents of the petitioner so that, through them, he was engaged in lumbering operations. We conclude that the amount of $4,033.29 received in 1923 was properly taxable at the rate for a capital gain.

cJudgment will be entered wider Bule 50.